IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT, *et al.* | § § § | |
| Plaintiffs, | § § | Case No. 4:05-CV-328 |
| v. | § § | |
| KIMBERLY ARELLANES, | § § | |
| Defendant. | § § | |

### ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Before the court is the "Plaintiffs' Motion to Compel Discovery and Brief in Support" [de #19] filed August 7, 2006, along with the Defendant's response, the Plaintiffs' reply and the Defendant's surreply. Having considered the motion and responsive filings, the court is of the opinion that the motion should be GRANTED IN PART.

In this lawsuit, the Plaintiffs seek damages and injunctive relief from the Defendant for copyright infringement. The Plaintiffs allege that the Defendant, using her personal computer, downloaded and distributed copyrighted sound recordings. Pursuant to Rules 34(a) and 37 of the Federal Rules of Civil Procedure, the Plaintiffs seek a court order requiring the Defendant to produce her computer for copying and inspection of its hard drive in order to determine whether or not indeed the computer was used to download and distribute copyrighted sound recordings. Rule 34(a) provides for the inspection and copying of tangible things, which would include computer hard drives containing matters within the scope of Rule 26(b). The court agrees with the Plaintiffs that the contents of the hard drive of the computer used by the Defendant during the time period at issue

in this case are relevant.

The Plaintiffs seek permission for their forensic computer expert to make a mirror image of the Defendant's hard drive and then to analyze it for evidence that copyrighted material was downloaded and distributed. The Plaintiffs also want their expert to determine whether relevant music files have been deleted or electronically concealed and then to attempt to recover remnants of those files as evidence of infringement. The Plaintiffs point out that mirror-imaging the entire hard drive is necessary and not over-broad because relevant information may be placed anywhere on Defendant's hard drive by the computer operating system. The Plaintiffs argue that the Defendant's privacy objections can be accomodated through a protective order under Rule 26(c).

The Defendant, citing invasion of privacy concerns, opposes the inspection of her computer hard drive by anyone other than a neutral third party expert. She contends that her computer contains personal information, such as personal correspondence, household financial matters, school homework, and perhaps attorney-client privileged information, which would be compromised by allowing the Plaintiffs' expert to mirror-image the entire hard drive. She suggests that the parties select and the court appoint a neutral computer forensics expert to perform the inspection and copying of her computer hard drive in order to preserve her privacy on matters unconnected to the issues in this lawsuit. In order to balance the legitimate interests of both sides, the court is of the opinion that the Defendant's suggestion has merit.

It is therefore ORDERED that the Plaintiffs' Motion to Compel Discovery is GRANTED IN PART in that the parties are instructed to confer and to submit to the court within 10 days of the date of the entry of this order the name of an agreed upon neutral computer forensics expert who will mirror-image and inspect the Defendant's computer hard drive for evidence of copyright

infringement. The parties shall also confer in an effort to reach agreement on a protective order that will assure the protection of the Defendant's privacy and the confidentiality of privileged and irrelevant, non-discoverable matter. The parties shall submit the proposed protective order to the court within 10 days of the date of the entry of this order. The cost of the neutral computer forensics expert will be borne by the Plaintiffs; however, the Plaintiffs shall have the right to suggest hard drive search methodologies to the neutral expert and the expert shall make every effort to utilize those methodologies. At the conclusion of the hard drive inspection, the neutral computer forensics expert shall produce a report of his or her findings and the methodologies utilized to the parties and the court.

IT IS SO ORDERED.

**SIGNED this the 27th day of October, 2006.**

*[Signature: Richard A. Schell]*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE